IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE DIVISION

| | | |
|---|---|---|
| Wilbert C. Harris, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **22 - 793** |
| | § | |
| Philadelphia Marine Trade Association, | § | |
| Defendant. | § | |

2022 JUN 16  PH 2: 37  FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE

## PLAINTIFF'S ORIGINAL COMPLAINT

**PARTIES**

Plaintiff, Wilbert C. Harris, is an individual that is a citizen of the State of Delaware.

Defendant, Philadelphia Marine Trade Association, is a corporation that is incorporated under the laws of the State of Pennsylvania. Defendant has its principal place of business in the State Pennsylvania. Defendant may be served with process by serving its principal office located at 1341 N. Delaware Ave Unit 401, Philadelphia 19125.

**JURISDICTION**

The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiffs and defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) as this civil action is brought under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000d et seq.

**VENUE**

Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

**DISCRIMINATION UNDER TITLE VII**

Plaintiff is an employee within the meaning of T itle VII and belongs to a class protected under the statute, namely Sex discrimination of Title VII of the Civil Rights Act of 1964 42 U.S.C. 1981.
Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

Ship to Shore plaintiff's testing laboratory, is contracted by defendant for employee laboratory testing.

1. Defendant used the following discriminatory employment practices, policies, and rules in violation of Title VII: Page 9 of the PMTA -ILA PORT OF PHILADELPHIA, WILMINGTON AND NEW JERSEY MASTER CONTRACT DRUG AND ALCOHOL ABUSE PROGRAM. "In the event that the on-site management and union representatives in a post-accident situation cannot agree that the situation warrants testing and/or on the individual(s) who is/are to be tested, then testing as desired by management will take place, provided that the results of the testing of the specimen(s) taken from the individual(s) in dispute will remain under seal, in the possession of the MRO. The Drug & Alcohol Committee shall meet and agree to further process or destroy the tests results and remaining specimen(s), as the case may be. If the Drug & Alcohol Committee cannot agree, the issue shall be

referred to the arbitrator in accordance with the grievance and Appeals Procedure (at Article VI)".

Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a

disproportionate number of persons of plaintiff's Sex" (Exhibit B.)

"Page 11 of the PMTA -ILA PORT OF PHILADELPHIA, WILMINGTON AND NEW

JERSEY MASTER CONTRACT DRUG AND ALCOHOL ABUSE PROGRAM, " If the employee's

failure or refusal persists, the employee will immediately be removed from the payroll. A failure or refusal

shall include the inability of the employee to supply a valid specimen no later than 2 hours after the

employee's first attempt to provide a specimen. However, in the event an employee is unable to produce

a specimen in the 2 hours, that employee will be given the opportunity to immediately supply a hair

sample to be used for testing (Exhibit C)."If the "Quick Test" indicates an adulterated specimen the

employee will be directed to provide another specimen however this time the employee will be under

direct observation when providing the additional specimen. If an employee refuses to provide another

specimen that employee will be suspended from employment at the next level of suspension for that

person. (Exhibit D.)".

2.  Defendant is directly liable because it was negligent in remedying the discriminatory conduct.

3. The Plaintiff is of the male gender, and the testing procedures were completed incorrectly and with bias.

4.  The female drug administrator who attended was not comfortable viewing Plaintiff while he took the urine

test due to the sex of Plaintiff. Following the issue, the policy and procedures were not followed.

5. The Defendant breached the contract and discriminated against Plaintiff by not enforcing the policy and

contract procedures by administering a new test and allowing a male to escort him while taking the test.

6. Defendant sided with the lab and did not follow the contract policy and procedures.

7. Plaintiff did not have the opportunity to retake the test per company policy.

3

**DAMAGES**

8.  As a direct and proximate r result of defendant's conduct, plaintiff suffered the following injuries and damages.

9.  Plaintiff was discharged from employment with defendant. Although plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment.

10. Plaintiff suffered loss of his pension or retirement benefits.

11. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.

12. Reinstatement of plaintiff in his previous position is impractical and unworkable. Therefore, plaintiff seeks an award of front pay and retirement benefits to compensate him.

13. Plaintiff suffered mental anguish and emotional distress in the form of anxiety and depression.

**PRAYER**

For these reasons, plaintiff asks for judgment against defendant for the following:

reinstate, back pay; front pay; compensatory damages

Punitive damages of $200,000.

Costs of suit.

All other relief the Court deems appropriate.

Respectfully submitted,

By:

Wilbert C. Harris, Pro Se

3110 North Spruce Street,
Wilmington, De, 19802
wilbertharris@icloud.com

13027432510